Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1018935)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>              Plaintiff,<br><br>              v.<br><br>**GLOBE APPAREL, INC.** doing business as "**G**", and<br>**UNO CLOTHING, INC.**,<br><br>              Defendants. | Case No.: CV 10-6876 RSWL (RZx)<br><br>**CONSENT JUDGMENT** |

     Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Globe Apparel, Inc. doing business as "G" and Uno Clothing, Inc. (collectively, "Defendants"),  have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

     A.    The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

     B.    The Defendants have appeared and acknowledge receipt of a copy of the

Secretary's Complaint.

C. The Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the FLSA in any of the following manners:

1. Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendants or other(s)) has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

2. Defendants shall review with the owner or top management official of all sewing contractors with whom it does business each of the following matters prior to entering into any agreement with the contractor for its services and shall maintain documentation showing that the following matters have been reviewed:

> A. The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

      B. Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

      C. The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

      D. The Defendants shall oblige the sewing contractor to inform Defendants immediately whenever the contractor is unable to meet the requirements of the FLSA.

Defendants shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request.

    3. On at least an annual basis, Defendants shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by the firm to determine the economic feasibility of Defendants' pricing in light of the wage requirements of the FLSA. Defendants shall maintain documentation of this analysis and provide it to representatives of the Secretary of Labor upon their request.

    4. Within 30 days of the entry of this judgment, Defendants shall hire an independent third party to monitor its sewing contractors to enforce the contractors' compliance with the FLSA. A monitor is independent so long as it does not represent either the manufacturer or contractor in any of its dealings with any other parties or the Department of Labor. The monitoring program shall include the following components:

      a. Random and unannounced site visits to the contractor, at least on a quarterly annual basis;

      b. Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

      c. Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid;

      d. Disclosure to the contractor of any FLSA compliance issues revealed by

the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendants shall maintain for a period of three years. Defendants shall supply copies of these reports to representatives of the Secretary of Labor upon their request; and, it is further

ORDERED that the Defendants shall supply all of their sewing contractors with copies of the attached Exhibit 1, in English and Spanish, which summarizes terms of this Judgment and the employees' rights under the FLSA. Defendants shall ensure that their contractors distribute a copy of Exhibit 1 to each of the contractor's current employees within 30 days of entry of this Judgment, in the employees' native language, provide copies to all new hires, and post a copy at each of its contractors' establishments; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: October 27, 2010

_____
U.S. DISTRICT COURT JUDGE

Defendant Globe Apparel, Inc. hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____   _____
    David Y. Um                                              Date

Its: _____
     President

Defendant Uno Clothing, Inc. hereby appears,

waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____     _____
     David Y. Um                                                                Date

Its: _____
     President

LAW OFFICES OF ELLIOTT KIM

_____     _____
Haewon Kim                                                                      Date
Law Offices of Elliott Kim
3550 Wilshire Blvd., Ste. 730
Los Angeles, CA  90010

Attorneys for the Defendants

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____     _____
SUSAN SELETSKY, Attorney                               Date
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

Exhibit 1

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Globe Apparel, Inc./Uno Clothing, Inc.**, a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**. All employees who work in this establishment can help Globe/Uno not to violate the Court's Order. **If you think you are not being paid in accordance with the law, call Globe/Uno at** (323) 585-5885. Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.

# Exhibit 1

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de Normas Razonables de Trabajo determinan que se les debe de pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen.  A la vez, también estipula que todo empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada.   Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague el sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una  orden que prohíbe a **Globe Apparel, Inc./Uno Clothing, Inc.**, una fábrica de ropa, de enviar la producción a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la Ley de Norma Razonables de Trabajo.  Todos los empleados que trabajan en éste establecimiento pueden ayudar a **Globe/Uno.** a no violar la orden de la Corte.  Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llame a **Globe/Uno**,  al número (323) 585-5885, o usted también puede llamar directamente al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375.  Su llamada será confidencial.